NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MELVIN WILLIAMS and              :
TIANEE WILLIAMS,
                                 :
          Plaintiffs,
                                 :   Civil Action No. 98-1470(JWB)
     v.
                                 :       **O P I N I O N**
STEVE FRANCISCO and
PLAINFIELD POLICE DEPARTMENT,    :

          Defendants.            :

**APPEARANCES**:

   MELVIN WILLIAMS, pro se
   1144 West Front Street, 2nd Floor
   Plainfield, New Jersey  07063-1142

   TIANEE WILLIAMS, pro se
   1144 West Front Street, 2nd Floor
   Plainfield, New Jersey  07063-1142

   GILL & COHEN
   By:  Nia H. Gill, Esquire
   42 Church Street
   Montclair, New Jersey  07042
   (Attorney for Defendants)

**BISSELL**, Chief Judge

   This matter comes before the Court on its Order to Show Cause as to whether this action should or should not be dismissed, in whole or in part, on the grounds of the defenses of absolute and/or qualified immunity asserted by the Defendants. This Court has jurisdiction over this case pursuant to 28 U.S.C.

§ 1331 and 42 U.S.C. § 1983.

## FACTS & BACKGROUND

Plaintiffs Melvin and Tianee Williams filed a Complaint in 1998 which alleged that, subsequent to their arrest, the Defendant Steven Francisco revealed Plaintiffs' HIV positive status to administrators of the Union County Jail who then allowed that information to spread through the institution. Plaintiffs had voluntarily provided that information to Officer Francisco. On September 4, 2002, the undersigned sent a letter-memorandum to Mr. Williams and Nia H. Gill, Esq., counsel for Defendants. This memorandum requested that Ms. Gill address the impact of Doe v. Delie, 257 F.3d 309 (3d Cir. 2001), on the case at bar. This Court specifically asked the Defendants to address the following questions: (1) do Defendants assert that the right to privacy of HIV status was not clearly established as of December 2, 1997; (2) do Defendants assert that advice regarding Plaintiffs' HIV status at the initial processing of these Plaintiffs served legitimate penological concerns which, on balance, defeat Plaintiffs' claims in this matter; and (3) what is the significance, if any, of the fact that Plaintiffs voluntarily revealed their HIV status to Officer Francisco at the time of their arrest? The Defendants did not file or submit a response to this Court's September 4th memorandum.

On June 29, 2005, this case came before the Court on a

Notice of Call for Dismissal pursuant to Local Civil Rule 41.1(a).  At this hearing, Plaintiffs indicated that they wished to continue to prosecute this action.  Accordingly, this Court entered an Order to Show Cause as to whether this action should or should not be dismissed, in whole or in part, on the grounds of the defenses of absolute and/or qualified immunity asserted by the Defendants.  Defendants submitted a brief in support of the defense of qualified immunity.  Plaintiffs submitted no papers on or before August 3, 2005, the date they were due.  Counsel for the Defendants appeared for oral argument on August 8, 2005.  Although advised in advance that an appearance was expected on that date, Plaintiffs did not appear; therefore no oral argument ensued.

**DISCUSSION**

**A.  Doe v. Delie**

The Third Circuit's decision in Doe v. Delie, 257 F.3d 309 (3d Cir. 2001), deserves significant consideration in the case at bar.

In Delie, an HIV-positive former inmate of the Pennsylvania Department of Corrections sued under 42 U.S.C. § 1983, claiming that prison practices violated his right to medical privacy under the Fourteenth Amendment and under the Pennsylvania Confidentiality of HIV-Related Information Act, 35 P.S. § 7601 et seq.  Delie, 257 F.3d 309, at 311.  The district court granted

defendants' motions to dismiss the claims on the basis of qualified immunity. Although its reasoning differed from that of the district court, the Third Circuit agreed that the defendants were entitled to qualified immunity. Id. The Third Circuit held that the Fourteenth Amendment protects an inmate's right to medical privacy, subject to legitimate penological interests; however, because this right was not clearly established at the time of the alleged conduct, the Court affirmed the dismissal of the complaint. Id.

"When the defendant in a § 1983 action claims qualified immunity, a court must first determine if the plaintiff's allegations are sufficient to establish the violation of a federal constitutional or statutory right." Id. at 314. "If the plaintiff's allegations meet this threshold, a court must next determine whether the right that the defendant's conduct allegedly violated was a clearly established one, about which a reasonable person would have known." Id. A defendant is entitled to qualified immunity and dismissal of the case if the plaintiff's allegations fail to satisfy either inquiry. Id. Under that framework, the Third Circuit determined that an HIV-positive inmate has a right to privacy in his medical information, however, this right was not clearly established at the time of the alleged violations in 1995. Id. at 315.

The Third Circuit stated that "[i]t is beyond question that

information about one's HIV-positive status is information of the most personal kind and that an individual has an interest in protecting against the dissemination of such information." Id. at 317.  Moreover, the Court held that a prisoner's right to privacy in this medical information "is not fundamentally inconsistent with incarceration." Id.  With regard to the second prong of the qualified immunity analysis, the Court stated that "qualified immunity applies if 'reasonable officials in the defendants' position at the relevant time could have believed, in light of what was in the decided case law, that their conduct would be lawful'." Id. at 318 (quoting Good v. Dauphin County Social Servs. for Children & Youth, 891 F.2d 1087, 1092 (3d Cir. 1989)).  After reviewing the relevant case law, the Court stated:

> Based on the foregoing, we cannot conclude that the cited authorities, individually or in combination, clearly established an inmate's constitutional right to privacy in his medical information.  Governmental officials must stay abreast of constitutional developments, but they are not expected to predict the future course of constitutional law.  We conclude that the contours of defendants' legal obligations under the Constitution were not sufficiently clear in 1995 that a reasonable prison official would understand that the non-consensual disclosure of a prisoner's HIV status violates the Constitution.

Id. at 322 (citing Wilson v. Layne, 526 U.S. 603, 617 (1999)) (internal citations omitted).

The Court further concluded that "[a]lthough the exact

-5-

boundaries of such a right have yet to be established, we hold today that prison inmates retain a Fourteenth Amendment substantive due process right to privacy in their medical information." Id. at 323.

**B.  Application of Doe v. Delie**

The allegations in the case at bar stem from the Plaintiffs' arrest on December 2, 1997.  As the Third Circuit stated in Delie, as of 1995, an inmate's constitutional right to privacy in his medical information was not clearly established.  After a thorough analysis of circuit and district court opinions decided between 1995 and 1997, this Court determines that right was also not clearly established at the time of the Plaintiffs' arrest in December of 1997.  Accordingly, this Court concludes that the contours of defendants' legal obligations under the Constitution were not sufficiently clear in 1997 "that a reasonable prison official would understand that the non-consensual disclosure of a prisoner's HIV status violates the Constitution."  Delie, at 322.[1]

**C.  Plaintiffs' Application for Pro Bono Counsel**

The Court has considered once again the question of whether Plaintiffs need the assistance of pro bono counsel, particularly

---

[1] The fact that Plaintiffs initially volunteered this information to authorities upon their arrest plays no part in this decision because the gravamen of Plaintiffs' Complaint is the subsequent "leak" of that information to other staff members and inmates.

in addressing qualified immunity. The Court believes that its thorough research of the well-defined issues regarding this defense has amply protected the Plaintiffs' interests, and that efforts of pro bono counsel on their behalf would not affect the result stated above. Accordingly, the Court declines to appoint pro bono counsel.

## CONCLUSION

For the foregoing reasons, the Court declines to appoint pro bono counsel to represent the Plaintiffs and rules that the Defendants have established, as a matter of law, their defense of qualified immunity. Therefore, this action is dismissed in its entirety, with prejudice, but without costs in light of Plaintiffs in forma pauperis status.

/s/    John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court

DATED: August 9, 2005